# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cr274

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ALVARO ALBERTO CHERNEZ VITERI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS CAUSE** came on for hearing before the undersigned on the government's motion to detain the defendant. From the evidence offered in this matter, the undersigned makes the following findings:

**Findings:** On December 13, 2005 and indictment was filed alleging that the defendant committed fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(4) and made a false statement in regard to an application for a passport in violation of 18 U.S.C. § 1542. The defendant was arrested and brought before the undersigned on January 6, 2006 at which time this court conducted a first appearance hearing for the defendant. At that time, Donald Gast, United States Attorney, advised the court that the government was seeking detention of the defendant. A detention hearing was scheduled for January 10, 2006. On January 10, 2006 the government introduced as evidence the following:

1) The bill of indictment that had been filed on December 13, 2005; and

2) The United States Pretrial Services Reports that had been prepared in the District of South Carolina on January 4, 2006 and an addendum to that report that had been prepared by the United States Probation Office for the Western District of North Carolina dated

January 9, 2006.

No other evidence was presented by the government either through testimony or by proffer. The Pretrial Services Reports showed that the defendant was born on August 7, 1979 in Guayaquil, Ecuador. The defendant was educated at United Nations High School in Ecuador graduating in 1998. Thereafter, the defendant attended Espol College in Ecuador and obtained a degree in 2001. The bill of indictment alleges that on June 20, 2001 a B1/B2 visa was issued to the defendant based upon an Ecuadorian passport allowing the defendant to enter the United States temporarily for business and for pleasure or medical treatment. It is alleged in the bill of indictment that that visa expired on September 19, 2001. It is further alleged that on July 9, 2002 the defendant presented an application for a United States passport in Asheville, North Carolina and presented as proof of his identity a state of California birth certificate. Other information contained in the pretrial services report showed that the defendant has been employed with Charter Communications in Simpsonville, South Carolina for the past four years. The defendant has annual income of approximately $50,000 per year from this employment. The defendant owns a five-bedroom residence located in Mauldin, South Carolina which has a value of $250,000. The defendant owes an indebtedness for the purchase of this home in an approximate amount of $170,000. The indebtedness is secured by deed of trust or mortgage upon the dwelling house. The defendant has no criminal record and does not have a history of using alcohol or any type of controlled substance. The report further shows that the defendant resides with his girlfriend Virginia Parris Hicks in Greenville, South Carolina. Contained in the report is a reference to a statement made by the defendant to the probation officer that he was illegally in the United States. The recommendation in the pretrial services report recommends that the defendant be detained based upon :

1. Nature of offense charged;

2. Illegal alien status and family ties to Ecuador.

Evidence was presented by the defendant through the testimony of Virginia Parris Hicks and Jason Barton. Other documentary evidence was also presented by the defendant along with a proffer of evidence and information by the defendant's counsel which was made without objection.

Ms. Hicks testified that she is employed at Charter Communications in South Carolina. Ms. Hicks has a Bachelor of Science degree from Clemson University graduating *magna cum laude*. Ms. Hicks also has a Masters Degree in Business Administration which she obtained from Clemson University in 2003, again graduating *magna cum laude*. Ms. Hicks works with Charter Communications in Simpsonville, South Carolina conducting marketing research and statical analysis. Ms. Hicks has known the defendant by working with him as a fellow employee for Charter Communications for a period of two years. For a period of one year previous to the date of the hearing Ms. Hicks has been seeing the defendant socially and on New Years Eve December 31, 2005, became engaged to marry the defendant. The defendant has been residing with Ms. Hicks in Greenville, South Carolina for the past two months. Ms. Hicks has assisted the defendant in obtaining the services of an immigration attorney to assist the defendant in obtaining permission to be in the United States and that she had provided documents to the attorney. Ms. Hicks testified that the defendant is a sales supervisor for Charter Communications and is one of the better ranked sales employees at Charter Communications. Ms. Hicks is willing to act as custodian for the defendant under the terms and conditions of the standard order setting conditions of release, that being, she would agree to supervise the defendant in accordance with all conditions of release and to use every effort to assure the appearance of the defendant at all scheduled court proceedings and to notify the

court immediately in the event the defendant violates any conditions of release or disappears.

Jason Barton is a college graduate and has completed six to eight years of service with the Army National Guard. Mr. Barton has been employed with Charter Communications since 1997 and has resided in Greenville, South Carolina working for Charter Communications since May 1, 2005. Mr. Barton works as a supervisor for Charter Communications and in this position has come to be in close contact with the defendant who also works as a supervisor with Charter Communications. Mr. Barton supervises 15-24 employees of Charter and the defendant also supervises the similar number of persons. Since his arrival in Greenville, South Carolina Mr. Barton has become close friends with the defendant. Mr. Barton is also willing to act as a custodian for the defendant. Mr. Barton has discussed the pending criminal proceedings against the defendant with the defendant's superiors at Charter Communications and Mr. Barton has been advised that the defendant's employer wishes for the defendant to return to his employment during the pendency of these charges. Both Ms. Hicks and Mr. Barton testified that the defendant had told them of a happy home life that he had had in Ecuador but that the defendant had never expressed to either of the witnesses any desire to return to Ecuador and had, on the contrary, expressed his desire to work and marry in the United States.

Documentation was submitted by the defendant from Dr. Alberto Lopez of Simpsonville Family Medicine, Emma Trejo-Farhadi of Global Markets and Investment Banking/Merrill Lynch, and Matias Espinel of Greenville, South Carolina. These letters show that the defendant has been involved in church activities in Greenville, South Carolina attending summer camps and working with youth group meetings. The defendant is described as a hard working, well educated individual who is an asset to "his family, friends, co-workers and to society as a whole". The defendant further

presented evidence through proffer that an immigration attorney has been retained by the defendant and Ms. Hicks who is attempting to assist the defendant with the defendant's status in the United States.

The defendant's attorney argued to the Court that based upon the charges against the defendant the potential of punishment in this matter would be either confinement for a period of 0 to 6 months or probation.

**Discussion:** 18 U.S.C. § 3142 sets forth the statutory procedures for the court to apply in regard to release or detention of a defendant pending trial. Subsection (b) states as follows:

> **(b)** **Release on Personal Recognizance or Unsecured Appearance Bond.**---
> The judicial officer shall order the pretrial release of a person on personal recognizance or upon execution of an unsecured appearance bond in an amount specified by the court... Unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

The standard that is required to show that there is a serious risk that the defendant will not appear is by the preponderance of the evidence standard, United States v McConnell, 842 F2d 105, 110 (5th Cir. 1988). The standard necessary to show that there is a serious risk that the defendant will endanger the safety of any other person or the community is the standard of clear and convincing evidence. The factors that the court is to consider are set forth under 18 U.S.C. § 3142(g):

> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
>
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation,

> on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Considering the evidence and applying the factors it shows the following:

As to factor (g)(1), that being the nature and circumstances of the offense charged, there has been no showing that factor (1) applies. In regard to factor (2), that being the weight of the evidence against the defendant, the undersigned considers the statement of the defendant to the probation officer that he is in the United States illegally as establishing some evidence against the defendant. In regard to factor (3) it appears that the defendant has good character, employment, financial resources, a length of residence in the Greenville, South Carolina community and community ties in that community. He has a history of good conduct and has no history relating to drug, alcohol abuse, no criminal history, and as a result, doesn't have any record of failure to appear at any court proceedings. It further does not appear that the defendant was on probation, parole or other release pending trial, sentencing or appeal for any type of offense at the time of the current offense or arrest. In regard to factor (4) there has not been any evidence presented whatsoever as to any danger that would be posed to any person or the community by the defendant's release. Indeed, the evidence is that the defendant is a hard-working young man who is active in his church and in community activities.

After weighing all of the evidence presented and applying the evidence to the factors as set forth under 18 U.S.C. § 3142(g), the undersigned is of the opinion that the government has not shown by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of any other person or the community. The undersigned is

of the opinion that terms and conditions of pretrial release can be fashioned that would reasonably assure the appearance of the defendant as required. Such a determination appears to the undersigned to be compelled, pursuant to the language as set forth under 18 U.S.C. § 3142(b). Those terms and conditions of pretrial release will include a $30,000 secured bond secured by a note and deed of trust upon the defendant's dwelling house in South Carolina and a $50,000 unsecured bond and further, by placing the defendant in the custody of Jason Barton who has agreed to supervise the defendant in accordance with all conditions of release and to use every effort to assure the appearance of the defendant and to notify the court immediately in the event the defendant violates any conditions of release or disappears and additionally, placing the defendant upon electronic monitoring with a curfew at the defendant's Simpsonville, South Carolina home. The undersigned is of the opinion that those specific conditions along with other general conditions as are set forth in the appearance bond and Order setting conditions of release which are contained in the file will adequately assure the appearance of the defendant at trial.

**WHEREFORE**, **IT IS THE ORDER** of the undersigned that the defendant be released on terms and conditions of pretrial release as set forth in the appearance bond and Order setting terms and conditions of release. Upon the oral entry of this Order the government advised the court that it was giving notice of appeal to the District Court and requested that the undersigned stay the execution of the appearance bond and Order setting conditions of release until the government could be heard before the District Court. After hearing arguments, the undersigned hereby **ORDERS** that the execution of the terms of the appearance bond and the Order setting conditions of release be stayed until this matter can be heard before the District Court upon the government's appeal.

**Signed: January 13, 2006**

Dennis L. Howell
United States Magistrate Judge