**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:05CR274**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **ALVARO ALBERTO CHERNEZ VITERI** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's appeal from the Magistrate Judge's Order of Release. The Order was stayed pending the appeal. The undersigned finds that the appeal is premature for the reasons stated below.

The Defendant has been charged in a two count bill of indictment with possessing a false identification document and making false statements in order to secure a United States passport. He is a native of Ecuador who legally entered the United States in June 2001 on a business visa which expired in September 2001. In July 2002, he is alleged to have attempted to obtain a United States passport by presenting a false birth certificate showing he was born in California. He has been steadily

employed by Charter Communications in South Carolina for the past four years and is engaged to be married to a United States citizen.  The Magistrate Judge ordered him released on certain conditions.

The Government then moved for the Magistrate Judge to reconsider his ruling on the basis of a detainer received by the United States Marshal's Service from the United States Department of Immigration and Customs Enforcement (ICE) on January 10, 2006.  The Magistrate Judge appropriately declined to reconsider the matter because the Government had appealed the Order of Release to this Court.

Title 18 U.S.C. § 3142(d)(1) provides in pertinent part:

> If the judicial officer determines that such person is not a citizen of the United States or lawfully admitted for permanent residence . . .; and such person may flee or pose a danger to any other person or the community; such judicial officer shall order the detention of such person, for a period of not more than ten days, . . . and direct the attorney for the Government to notify the appropriate . . . official of the Immigration and Naturalization Service.  If the [INS] fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section[.]

**18 U.S.C. § 3142(d)(1)(B), (2).**  Obviously, the Government has notified ICE of the Defendant's presence in this Court and has received a temporary detainer.  The flaw in this case is that the Magistrate Judge did

not find the Defendant to pose a danger of fleeing.  And, the Immigration Detainer provided by the Government after the appeal was filed is inconsistent in that it requires notice to ICE 30 days prior to any release of the Defendant while simultaneously limiting the Defendant's detention to a 48-hour period, excluding weekends and holidays, in order to provide adequate time for ICE to assume custody of the Defendant.

The Court finds that the detainer presented by the Government constitutes new evidence which should have been presented to the Magistrate Judge in connection with the original detention hearing.  Since it was not in the Government's possession at the time of that hearing, the Court will remand the matter to the Magistrate Judge to make a determination of this matter pursuant to 18 U.S.C. § 3142(d)(1), the section which the Government now argues is applicable.  In the meantime, the Magistrate Judge's Order staying the Defendant's release shall continue in effect.  After the Magistrate Judge's ruling, the Government shall advise this Court in writing whether it wishes to pursue the appeal.

**IT IS, THEREFORE, ORDERED** that this matter is hereby remanded to the Magistrate Judge for further proceedings consistent herein.

**Signed: January 17, 2006**

Lacy H. Thornburg
United States District Judge