# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR274

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ALVARO ALBERTO CHERNEZ VITERI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS CAUSE** coming on for hearing before the undersigned, pursuant to the order of United States District Judge Lacy H. Thornburg, filed on January 17, 2006 (#13). In the order, Judge Thornburg remands this matter back for hearing before the undersigned to consider further evidence from the government; that being, an Immigration Detainer dated January 4, 2006 addressed to the United States Marshal Service from U.S.I.C.E./Investigations concerning this defendant which was received by the Asheville office of the United States Marshal Service on January 10, 2006 and to make a determination as to whether to release the defendant on terms and condition of pretrial release after applying 18 U.S.C. § 3142(d)(1)and (2). A hearing was scheduled in regard to this matter on January 20th. The defendant appeared with his counsel, John C. Hunter and the government appeared through Assistant United States Attorney Richard Edwards. From the evidence offered in this matter the undersigned makes the following findings.

**Findings.** The decision of the issue of whether to detain or release the defendant pursuant to 18 U.S.C.§ 3142(d)(1) and (2) requires two factual determinations:(1)is the defendant a person as set forth under subparagraph (1) and (2).. The undersigned has now considered the "Immigration Detainer" which was the only additional evidence presented by the government. The

detainer shows that the defendant might be a person who is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act, which satisfies the first requirement. The court must now consider, as required by subparagraph (2) whether the detainer presents any evidence which shows that the defendant is a person who would pose a danger to any other person or the community or whether the detainer itself or any information contained therein presents evidence that the defendant is a person who might flee or who would not appear and if so does the evidence meets the applicable standard of proof. The detainer and the information contained therein does not present any evidence that the defendant might pose a danger to any other person or the community if he was released. The issue is now whether the detainer and the information contained therein present evidence that the defendant might flee.

**Discussion.** The standard that is required to show that there is a serious risk that the defendant will not appear is by the preponderance of the evidence standard. <u>United States v McConnell</u> 842 F2d 105, 110 (5th Cir. 1988). Reviewing all evidence that was presented at the hearing on January 10, 2006 and after considering the evidence presented by the government by the "Immigration Detainer", and the information contained therein the undersigned simply cannot find there is a preponderance of the evidence showing that the defendant might flee or fail to appear in regard to these charges. The evidence presented by the government shows that the defendant legally entered the United States on or about June 20, 2001. Thereafter, the defendant became gainfully employed arising to the status of a supervisor with his employer, Charter Communications. The defendant has become a land owner and has land holdings in Greenville, South Carolina in which he has a substantial equity. The defendant has developed close relationships and friendships with

United States citizens and is engaged to be married to a United States citizen, that being Virginia Paris Hicks. The defendant has retained counsel in his efforts to remain in the United States legally. From the arguments of counsel for the defendant it would appear that the potential punishment for the defendant would either be confinement for a period of 0 to 6 months or a probationary judgment. In short, the defendant has absolutely no reason to flee. The detainer itself alleges that "investigation has been initiated to determine whether this person is subject to removal from the United States." This is the least of three other types of action listed in the document which might be taken which included immediate deportation or removal. Due to the evidence, including the detainer, not meeting the burden of proof required the court must find and conclude that the defendant may not be detained pursuant to 18 U.S.C.§3142(d). The court must now turn address the factors as set forth under 18 U.S.C.§3142(g) and determine if the detainer and the information contained therein would require a different finding than that entered by the court by the order of 13 January, 2006.. The detainer and its information does cause this court some concern when considering the defendant's character, ties to the community, and past conduct but this evidence does not meet the burden required to show there is a preponderance of evidence that the defendant is a risk of flight. The defendant has too many reasons not to flee as are set forth in the previous order filed by the undersigned which is incorporated herein by reference.

>Subsection (b) of 18 U.S.C. § 3142 states as follows:
>
>"The judicial officer **shall** order the pretrial release of a person on personal recognizance or upon execution of an unsecured appearance bond in an amount specified by the court... Unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (Emphasis added)
>
>This statute must be considered and followed by the court. In the previous order entered by

the undersigned, the court fashioned terms and conditions of pretrial release which the undersigned believes will assure the appearance of the defendant. Those included: a secured bond secured by a note and deed of trust upon the defendant's dwelling house; a $50,000 unsecured bond; and placing the defendant in the custody of his friend, Jason Barton; and additionally, by placing the defendant upon electronic monitoring with a curfew at his Simpsonville, South Carolina home. These conditions are sufficient to insure the appearance of the defendant.

This court is knowledgeable that there is always a possibility that any defendant might flee, however, there has been no showing that this defendant has committed an offense of violence, or an offence which involves a narcotic drug; that he illegally entered the United States or that he committed any other criminal act other than the charges as contained in the bill of indictment. There is evidence that the defendant has taken extraordinary steps to remain in the Greenville, South Carolina area. He attends and is involved in church activities in his church. He is engaged to marry Ms. Hicks who is a well educated business woman with close ties to the community and who is a citizen of the United States. Comparing this defendant with other defendants with whom this court regularly has contact in regard to the issue of pretrial release shows that this defendant should receive the benefit of any doubt and that the defendant should be release on terms and conditions of release..

**WHEREFORE**, IT IS THE **ORDER** of the undersigned that the defendant be released on the terms and conditions of pretrial release as set forth in the order filed January 13, 2006. The government declined to move stay this order and therefore the previous order of the undersigned granting a stay of the release of the defendant is **DISSOLVED**

**Signed: January 21, 2006**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge